JAP:AMC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -X



IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO OBTAIN LOCATION DATA CONCERNING A CELLULAR TELEPHONE ASSIGNED CALL NUMBER (646) 945-9675.

**TO BE FILED UNDER SEAL**

AFFIRMATION IN SUPPORT OF APPLICATION

- - - - - - - - - - - - - - -X
EASTERN DISTRICT OF NEW YORK, SS:

MARC MANCINI, a Special Agent with Immigration and Customs Enforcement ("ICE"), being duly sworn, deposes and states:

### INTRODUCTION

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been an agent since 2003. I have participated in investigations of unlawful drug distribution and have conducted or participated in surveillance, the execution of search warrants, debriefings of informants and reviews of taped conversations and drug records. I have also participated in the investigation of the location of fugitives. Through my training, education and experience, I have become familiar with the manner in which fugitives evade law enforcement detection.

2. I submit this affidavit in support of an application for a warrant pursuant to 18 U.S.C. 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41, directing T-Mobile Wireless to assist ICE agents by providing all information, facilities and technical assistance needed to ascertain the physical location of the cellular telephones assigned call number (646) 945-9675, subscribed to Gary McIntosh of 739 DeKalb Avenue, Apartment 2B, Brooklyn, New York, with service provided by T-Mobile Wireless (the "SUBJECT CELLPHONE"), including but not limited to data indicating the specific latitude and longitude of (or other precise location information concerning) the SUBJECT CELLPHONE (the "Requested Information"),[1] for a period of thirty (30) days.

3. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other ICE agents and other

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the SUBJECT CELLPHONE at the start and end of any call. In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable cause. See In re Application, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. 2703(d) & 3121 et seq.).

law enforcement; from my discussions with witnesses involved in the investigation; and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another ICE agent, law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Since this affidavit is being submitted for the limited purpose of securing an order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the investigation. Facts not set forth herein are not being relied on in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

4. Probable cause exists to believe that the Requested Information will lead to evidence regarding the location of GARY MCINTOSH ("the SUBJECT FUGITIVE"), an individual for whom an arrest warrant (the "SUBJECT ARREST WARRANT") was issued on or about August 12, 2009 by Hon. James Orenstein commanding that he be brought before the Court for impersonating a federal officer, in violation of 18 U.S.C. § 912.

5. For the reasons set out in this affidavit, there is probable cause to believe that the SUBJECT FUGITIVE is using the SUBJECT CELLPHONE while he is evading law enforcement and avoiding apprehension pursuant to the SUBJECT ARREST WARRANT.

**Background of the Investigation**

6. This application is submitted in connection with the ICE investigation of the SUBJECT FUGITIVE for the impersonation of a federal officer and other crimes.

7. Based on information obtained through the investigation, on August 12, 2009, an arrest warrant for the SUBJECT FUGITIVE, a citizen of the Republic of Trinidad and Tobago, was issued for violations of 18 U.S.C. §912. On March 23, 2010, a search warrant was issued by Hon. Ramon E. Reyes, to search the premises of 739 DeKalb Avenue, Apartment 2B, Brooklyn, New York, believed to be the residence of the SUBJECT FUGITIVE.

8. On or about March 24, 2010 at approximately 8:00 a.m., I was present in front of 739 DeKalb Avenue in Brooklyn, New York when I and other agents attempted to serve the above-mentioned arrest warrant for the SUBJECT FUGITIVE and execute the above-mentioned search warrant. When the SUBJECT FUGITIVE exited 739 DeKalb Avenue I and other agents attempted to arrest the SUBJECT FUGITIVE. I and other agents yelled "Police" and commanded the SUBJECT FUGITIVE to stop. During this encounter with the SUBJECT FUGITIVE, I and other agents displayed law

-4-

enforcement shields. The SUBJECT FUGITIVE ignored these commands and entered a dark grey Volvo. I and other agents continued to yell "Police" and ordered the SUBJECT FUGITIVE out of the vehicle. The SUBJECT FUGITIVE backed up the vehicle and pulled forward, bumping into an agent's vehicle that was parked immediately in front of the SUBJECT FUGITIVE's vehicle. After refusing commands to exit the vehicle, one agent struck the front driver's side window with a sledgehammer, breaking the window. The SUBJECT FUGITIVE pulled the vehicle out from its parking spot and sped off quickly, forcing agents to move quickly out of the way to avoid being hit by the SUBJECT FUGITIVE's vehicle. To date, the SUBJECT FUGITIVE has not been apprehended.

9. Cellular telephone records from T-Mobile Wireless indicate that the SUBJECT CELLPHONE is subscribed to Gary McIntosh of 739 DeKalb Avenue, Apartment 2B, Brooklyn, New York.

10. On March 24, 2010, at approximately 11:00 a.m., an individual, identifying himself as "Gary McIntosh," called the United States Attorney's Office for the Eastern District of New York in Brooklyn, New York. The call was forwarded to me. I believe the caller to be GARY MCINTOSH, the SUBJECT FUGITIVE, because the caller identified himself as "Gary McIntosh" and during my conversation with him, he referred to the attempt by agents to arrest him earlier in the morning. The caller also stated that the cellphone number at which he could be reached was

(646) 945-9675 if I or other agents needed to contact the caller by telephone.

## AUTHORIZATION REQUEST

12. Based on the foregoing, there is probable cause to believe that the Requested Information will lead to evidence regarding the SUBJECT FUGITIVE's approximate location, so that law enforcement agents can conduct physical surveillance of the SUBJECT FUGITIVE and effect the SUBJECT ARREST WARRANT.

13. WHEREFORE, pursuant to 18 U.S.C. 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41, it is requested that the Court issue a warrant and Order authorizing the acquisition of the Requested Information and directing T-Mobile Wireless, the service provider for the SUBJECT CELLPHONE, to initiate a signal to determine the location of the SUBJECT CELLPHONE on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of the SUBJECT CELLPHONE, for a period of thirty (30) days. Reasonable expenses incurred pursuant to this activity will be processed for payment by ICE.

14. IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the SUBJECT CELLPHONE outside of daytime hours. In the agents' experience, these types of transactions often happen at night.

15. IT IS FURTHER REQUESTED that the warrant and this affirmation, as it reveals an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against fugitives, and better ensure the safety of agents and others, except that working copies should be made available to the United States Attorney's Office, ICE, and any other law enforcement agency designated by the United States Attorney's Office.

16. IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of thirty

(30) days after the termination of the monitoring period

authorized by the warrant.

_____
MARC MANCINI
Special Agent
Immigration and Customs Enforcement

Sworn to before me this
24th day of March, 2010

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

JAP:AMC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -X

IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO OBTAIN LOCATION DATA CONCERNING A CELLULAR TELEPHONE ASSIGNED CALL NUMBER (646) 945-9675.

**SEALED ORDER**

MISC. 10-184

- - - - - - - - - - - - - - -X

Application having been made by the United States for an Order pursuant to 18 U.S.C. 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41, directing T-Mobile Wireless to assist agents of Immigration and Customs Enforcement ("ICE") by providing all information, facilities and technical assistance needed to ascertain the physical location of the cellular telephone assigned call number (646) 945-9675, subscribed to subscribed to Gary McIntosh of 739 DeKalb Avenue, Apartment 2B, Brooklyn, New York, with service provided by T-Mobile Wireless (the "SUBJECT CELLPHONE"), including but not limited to data indicating the specific latitude and longitude of (or other precise location information concerning) the SUBJECT CELLPHONE (the "Requested Information"), for a period of thirty (30) days;

The Court finds that there is probable cause to believe that the Requested Information will lead to the location of the defendant GARY MCINTOSH, an individual for whom an arrest warrant

was issued on or about August 12, 2009 by Hon. James Orentstein commanding that the defendant be brought before the Court for impersonation of a federal officer, in violation of 18 U.S.C. § 912.

IT IS HEREBY ORDERED pursuant to 18 U.S.C. 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 that T-Mobile Wireless, beginning at any time within ten (10) days of the date of this Order and for a period not to exceed 30 days from the date of this Order, provide to agents of ICE the Requested Information[1] concerning the SUBJECT CELLPHONE, with said authority to extend to any time of the day or night as required, including when the SUBJECT CELLPHONE leaves the Eastern District of New York; all of said authority being expressly limited to ascertaining the physical location of the SUBJECT CELLPHONE and expressly excluding the contents of any communications conducted by the user(s) of the SUBJECT CELLPHONE.

It is further ORDERED that T-Mobile Wireless, the service provider for the SUBJECT CELLPHONE, initiate a signal to determine the location of the subject's mobile device on the carrier's network or with such other reference points as may be reasonably available and at such intervals and times as directed

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the SUBJECT CELLPHONE at the start and end of any call.

by the law enforcement agent serving the proposed order, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as T-Mobile Wireless accords the user(s) of the SUBJECT CELLPHONE.

It is further ORDERED that ICE compensate T-Mobile Wireless for reasonable expenses incurred in complying with any such request.

It is further ORDERED that the Court's Order and the accompanying Affirmation submitted in support thereof, as they reveal an ongoing investigation, be sealed until further Order of the Court in order to avoid premature disclosure of the investigation, guard against fugitives, and better ensure the safety of agents and others, except that copies of the Court's Order in full or redacted form may be maintained by the United States Attorney's Office, and may be served on Special Agents and other investigative and law enforcement officers of ICE, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and T-Mobile Wireless as necessary to effectuate the Court's Order.

It is further ORDERED that this warrant be returned to the issuing judicial officer within 10 days after the termination

of the execution of the warrant.

It is further ORDERED that, pursuant to 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of thirty (30) days after the termination of the monitoring period authorized by the warrant.

It is further ORDERED that T-Mobile Wireless, its affiliates, officers, employees, and agents not disclose the Court's Order or the underlying investigation, until notice is given as provided above.

Dated: 24th day of March, 2010

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

| AO<br>(Rev.<br>8/97) | WARRANT ON WRITTEN AFFIDAVIT FOR Cellular telephone<br>LOCATION DATA | | |
|---|---|---|---|
| **United States District Court** | MISC. 10-184<br>Eastern District of New York | | |
| UNITED STATES OF AMERICA<br>v.<br><br>PREMISES KNOWN AND DESCRIBED AS A CELLULAR TELEPHONE ASSIGNED CALL NUMBER (646) 945-9675, subscribed to Gary McIntosh of 739 DeKalb Avenue, Apartment 2B, Brooklyn, New York | DOCKET NO. | MAGISTRATE'S CASE NO. | |
| | To: ANY AUTHORIZED FEDERAL AGENT | | |
| Affidavit having been made before me by the below-named affiant to obtain precise location information concerning the following cellular telephones (the "Premises"):<br><br>A CELLULAR TELEPHONE ASSIGNED CALL NUMBER (646) 945-9675, subscribed to Gary McIntosh of 739 DeKalb Avenue, Apartment 2B, Brooklyn, New York, WITH SERVICE PROVIDED BY T-MOBILE WIRELESS<br><br>and as I am satisfied that there is good cause for the acquisition of precise location information concerning the Premises,<br><br>YOU ARE HEREBY COMMANDED to acquire precise location data concerning the Premises named above for a period of thirty (30) days starting within ten (10) calendar days of the date of this order, during any time of day; to return this warrant to the U.S. Magistrate Judge designated in this warrant within ten (10) calendar days after the execution of the warrant has ended; and pursuant to 18 U.S.C. § 3103a(b)(3) authorizing delayed notification, to serve notice within **thirty (days)** after the monitoring period authorized by the warrant has ended. | | | |
| NAME OF AFFIANT<br><br>Special Agent Marc Mancini<br>Immigration and Customs Enforcement | SIGNATURE OF JUDGE OR U.S. MAGISTRATE<br><br>[signature] | | DATE/TIME ISSUED<br><br>3/24/10<br>3:00 pm |